UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FIDENCIO BENITEZ BENITEZ,                                                    **22-cv-03632**

                Plaintiff,                                                                **COMPLAINT**

  -against-

MARCOR CONSTRUCTION INC. and
GARY MARZANO,

                Defendants.
----------------------------------------------------------X

      Plaintiff, FIDENCIO BENITEZ BENITEZ ("Plaintiff"), as and for his Complaint against Defendants, MARCOR CONSTRUCTION INC. ("Marcor Construction") and GARY MARZANO ("Marzano") (collectively, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

      1.     Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 142, of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief related to his employment with Defendants.

      2.     Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

      3.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

      4.     Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

**PARTIES**

5. Plaintiff is an adult male who resides in the State of New York.

6. Upon information and belief, Marzano is an adult male who resides in the State of New York.

7. Upon information and belief, Marcor Construction is a domestic business corporation duly organized and existing under the laws of the State of New York.

8. Upon information and belief, Marcor Construction maintains a principal place of business located at 419 Great East Neck Road, West Babylon, New York 11704.

**FACTS**

9. Marcor Construction owns and operates a roofing construction business that services commercial and residential properties on Long Island.

10. Plaintiff is a former employee of Marcor Construction.

11. Upon information and belief, Marcor Construction maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

12. Upon information and belief, at all relevant times, Marzano was an owner, officer, director, shareholder, and/or managing agent of Marcor Construction.

13. Upon information and belief, at all relevant times, Marzano was the President of Marcor Construction.

14. Upon information and belief, at all relevant times, Marzano was the Chief Operating Office of Marcor Construction.

15. Upon information and belief, at all relevant times, Marzano participated in running the daily operations of Marcor Construction.

16. At all relevant times, Marzano participated in the management and supervision of Plaintiff and his work for Marcor Construction.

17. Upon information and belief, at all relevant times, Marzano exercised operational control over Marcor Construction, controlled significant business functions of Marcor Construction, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Marcor Construction in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

18. As such, Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

19. Defendants employed Plaintiff from in or about November 2001 until on or about December 28, 2021.

20. Defendants employed Plaintiff as a manual laborer for their benefit and at their direction.

21. Plaintiff's primary job duty was to construct roofs at Defendants' customers' properties.

22. In the winter months, Plaintiff also performed snow removal.

23. Defendants did not require Plaintiff to punch in or out of his daily shifts or to track his hours in any other manner.

24. Upon information and belief, Defendants did not keep and maintain time records for the days and weeks that Plaintiff worked.

25. From about mid-March through about Mid-December during the last 6 years of Plaintiff's employment, Plaintiff worked six (6) days per week, Monday through Saturday, from about 3:30 a.m. until about 7:00 p.m.

26. During these months, Plaintiff typically worked approximately ninety-three (93) hours a week.

27. From about mid-December through about Mid-March during the last 6 years of Plaintiff's employment, Plaintiff worked five (5) days per week, Monday through Friday, from about 8:00 a.m. until about 5:00 p.m.

28. Additionally, during these winter months, when Plaintiff performed snow removal duties, he would sometimes work as many as sixteen (16) hours per day.

29. During these winter months, Plaintiff typically worked at least approximately forty-five (45) hours a week and sometimes as many as sixty-one (61) hours a week.

30. Defendants paid Plaintiff a flat, daily rate of pay for all hours worked, regardless of the number of hours he worked each week.

31. Defendants did not pay Plaintiff overtime compensation for all hours worked in excess of forty (40) per week at a rate of one-and-one-half times his regular rate of pay.

32. Defendants failed to provide Plaintiff with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

33. Marzano participated in the decision to hire Plaintiff.

34. Marzano participated in the decision to fire Plaintiff.

35. Marzano participated in deciding the job duties that Plaintiffs performed.

36. Marzano participated in the supervision of Plaintiff's job duties and responsibilities.

37. Marzano participated in setting Plaintiff's work schedules.

38. Marzano participated in deciding the hours that Plaintiff worked.

39. Marzano participated in deciding the manner in which Plaintiff was paid.

40. Marzano participated in deciding the compensation Plaintiff was paid.

41. Marzano participated in running the day-to-day operations of Marcor Construction during Plaintiff's employment.

42. Defendants managed Plaintiff's employment, including the amount of time he worked each week.

43. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

44. Defendants were aware of Plaintiff's work hours but failed to pay him the proper wages to which he was entitled under the law.

45. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ*.
## FAILURE TO COMPENSATE FOR OVERTIME

46. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

47. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

48. Marcor Construction was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce or in the production of goods for commerce.

49. At all times relevant to this Complaint, Marcor Construction had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled roofing materials, equipment, tools, and other goods that originated outside of New York and were used in the construction of New York commercial and residential property.

50. Upon information and belief, the gross annual volume of sales made or business done by Marcor Construction in the applicable year(s) was not less than $500,000.00.

51. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

52. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

53. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

54. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

55. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during his employment.

56. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether its conduct violated the FLSA.

57. Defendants did not act in good faith with respect to the conduct alleged herein.

58. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

59. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

60. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

61. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. § 142-2.2.

62. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the NYLL and the Regulations pertaining thereto.

63. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

64. Plaintiff was not exempt from the overtime provisions of the NYLL during his employment because he did not meet the requirements for any of the exemptions available under the NYLL.

65. Defendants acted willfully and either knew that their conduct violated the NYLL or showed a reckless disregard for the matter of whether their conduct violated the NYLL.

66. Defendants did not act in good faith with respect to the conduct alleged herein.

67. As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

68. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

69. Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

70. Through their knowing and intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

71. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.   Declare and find that Defendants committed one or more of the following acts:

1.   Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2.   Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation;

3.   Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate wage notices and wage statements;

B.   Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C.   Award liquidated damages under the NYLL, or alternatively the FLSA;

D.   Award statutory damages under the NYLL;

E.   Award interest on all NYLL unpaid wages due accruing from the date such amounts were due;

F.   Award all costs and attorneys' fees incurred in prosecuting this action; and

G.   Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
June 20, 2022

THE NHG LAW GROUP, P.C.

_____
By: Keith E. Williams, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com
nhglaw@nhglaw.com